# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DANIEL CORBETT and PETER ALLEN,**

    **Plaintiffs,**

**v.**                                          **Case No. 8:10-cv-1438-T-30MAP**

**RENEGADE TERMITE & PEST**
**CONTROL, INC. and JAMES BRYANT,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Renegade Termite & Pest Control, Inc. and James Bryant's Motion to Dismiss Complaint or, Alternatively, for Summary Judgment and Supporting Memorandum of Law (Dkt. 7) and Plaintiffs' Response in Opposition to same (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied without prejudice as premature.

## DISCUSSION

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. Defendants filed a motion to dismiss or, alternatively, for summary judgment on the issue of enterprise coverage. Specifically, Defendants argue that Renegade is a classic small business enterprise that is exempt from the provisions of the FLSA because it does not engage in interstate commerce as contemplated by the FLSA and the sum of its

annual sales has never exceeded $500,000.  Defendants also contend that Plaintiffs, while employed by Renegade, never engaged in interstate commerce or produced goods in commerce.  Thus, they do not qualify for individual coverage under the Act.  Defendants rely on a declaration from Renegade's owner and exhibits attached to same in support of their argument that dismissal or summary judgment is appropriate with prejudice.

Plaintiffs argue in their response that Defendants' motion cannot be construed as a motion to dismiss because Defendants rely on evidence outside the four corners of the complaint, which does not comport with the standard of review for a motion to dismiss.  Plaintiffs also argue that Defendants' motion, if construed as a motion for summary judgment, must be denied as premature because the case is in its infancy, the Court's FLSA Scheduling Order stays all discovery until it is complied with, and the issues raised by Defendants will require Plaintiffs to conduct discovery.

The Court agrees that it would be improper to grant Defendants' motion to the extent that it is a motion to dismiss.  Here, Plaintiffs have more than sufficiently pleaded a claim. The complaint sets forth allegations which, if accepted as true, subject Defendants to liability under the FLSA.  Both the interstate commerce and gross annual sales volume requirements for enterprise coverage are alleged to have been met. Rather than challenge the sufficiency of these allegations, Defendants seek the Court to consider tax returns and a declaration attached as exhibits to Defendants' motion to conclude that the Court lacks jurisdiction over Plaintiffs' claims.  At the motion to dismiss stage, however, the Court cannot consider this extrinsic evidence.  Accordingly, Defendants' motion to dismiss is denied.

Turning to the "alternative" motion for summary judgment, it is apparent that this motion must also be denied at the current juncture. Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not appropriate or warranted. As stated in *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other

> discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally, summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted); *see also Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, No. 08-61240-CIV, 2008 WL 4613059, at *2 (S.D. Fla. Oct. 15, 2008) (denying defendants' motion for summary judgment as premature in FLSA case where plaintiff was not provided adequate time to conduct discovery).

Here, the parties have not completed even the limited discovery set forth in the Court's FLSA Scheduling Order, which precludes them from conducting any other discovery until those requirements are met. Without engaging in discovery, Plaintiffs are unable to respond to the declaration Defendants relied upon in support of their motion for summary judgment. Accordingly, Defendants' alternative motion for summary judgment is premature and is denied without prejudice. After the parties have had the opportunity to engage in discovery, Defendants may reassert the arguments contained in their motion for summary judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Renegade Termite & Pest Control, Inc. and James Bryant's Motion to Dismiss Complaint or Alternatively, for Summary Judgment and Supporting Memorandum of Law (Dkt. 7) is hereby DENIED without prejudice as premature.

2. Defendants shall file a response to Plaintiffs' complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1438.mtsFINAL.wpd